FAY BAUMISTER, Respondent, v. CONTINENTAL CASUALTY COMPANY, Appellant.

**Kansas City Court of Appeals, April 1, 1907.**

1. **ACCIDENT INSURANCE: Immediate Loss: Construction of Policy.** An accident policy indemnified against a total loss of time at once arising from a disability to engage in business. *Held,* the indemnity was against a loss of time immediately arising from an inability to work and not against an inability to work immediately arising from an injury.

2. ———: ———: ———: **Notice.** A policy required fifteen days notice as a condition precedent to recovery. *Held,* since the policy insured against the loss of time the notice should be given within fifteen days from the beginning of the loss of time and not from the accident.

3. ———: ———: **Disease: Jury.** Where the question whether the insured's disability arose from the accident or from disease is submitted to the jury and the evidence supports the verdict, their finding is final.

Appeal from Macon Circuit Court.—*Hon. Nat M. Shelton,* Judge,

AFFIRMED.

*J. C. Rosenberger, Kersey Coates Reed* and *Manton Maverick* for appellant.

(1) The disability not having been immediate and not having arisen at once upon the happening of the alleged accident, the plaintiff by the express terms of the policy should not have been allowed to recover. It has been repeatedly ruled that in accident policies when an immediate disability is insured against, that an interval of more than five days intervening between the receipt of the injury and the commencement of the disability prevents a recovery. Wall v. Continental Casualty Co., 111 Mo. App. 505; Acc. Assn. v. Jones, 60 Ill. App. 106;

Letherer v. Ins. Co. (Mich.), 108 N. W. 391; Williams v. Acc. Assn., 91 Ga. 898; Merrill v. Ins. Co., 91 Wis. 329; Vess v. Ben. Soc., 120 Ga. 411; Rorick v. Employees' Assn., 119 Fed. 63. (2) The failure of plaintiff to notify defendant of the accident until forty-two days after it occurred in the face of the plain terms of the policy is fatal to his right to recover. Burnham v. Insurance Co., 75 Mo. App. 397; Clanton v. Travelers' Prot. Assn., 101 Mo. App. 312; Nax v. Travelers' Insurance Co., 142 Fed. 653.

*B. L. White* and *West & Bresnehen* for respondent.

(1) These provisions mean simply this: That the loss of time, for which an indemnity is to be paid, must at once arise from the insured's inability to work. They do not mean that the loss of time or inability to work shall immediately follow the accident. All that is required to bring the case squarely within the terms of the policy is that the accidental injury must be the sole cause of the inability to work and that the loss of time shall result at once from the inability to work. (2) A literal compliance with this provision of the policy would have required the plaintiff to give notice to defendant of the accident causing his loss of time about three weeks before his loss of time began. The law does not uphold any such unreasonable provisions. 1 Am. and Eng. Ency. Law (2 Ed.), p. 323; McFarland v. Accident Association, 124 Mo. 209. This provision of the policy, applied to the facts of this case, required the plaintiff to give notice to defendant within fifteen days after the accident resulted in loss of time, to-wit: within fifteen days from January 5, 1903. He, in fact, gave notice on January 8. This was in time under all the authorities.

ELLISON, J.—This is a suit on an accident insurance policy. Plaintiff was insured as a locomotive fire-

man on November 5, 1902, for one year. The policy provides that "in the event of personal bodily injuries, effected within one year from twelve o'clock, noon, standard time, of the date hereof, through external, violent and purely accidental causes, if such injuries shall, solely and independently of all other causes, necessarily result...in his total loss of time by reason of injury not otherwise herein provided for, at once arising from inability to engage in any business or occupation or service a weekly indemnity of ten dollars shall be paid to himself for such period of continuous loss of time, not to exceed one hundred and four weeks for any one injury or accident, within thirty days from the receipt of satisfactory proofs thereof."

During the life of the policy, on November 27, 1902, the plaintiff, while firing a locomotive engine, accidentally struck his left knee against the deck of the engine whereby it was somewhat bruised and sprained. At the time of the accident plaintiff was in Missouri about twenty-five miles from Argentine, Kansas, the end of his "run." He continued to fire his engine to Argentine and when he got there his knee was stiff and swollen, and he consulted a surgeon, who applied a bandage. He thought his injury of little moment and that he would be disabled for a few days only. With no intention of making any claim under his policy he quit his work and had his knee treated by the doctor. By the fifth of December he thought he had so far recovered as to be able to again go to work, and on December 5, 1902, he resumed the performance of his duties as a locomotive fireman. After working his knee again began to give him trouble and gradually grew worse until about the third of January, 1903, when he was again compelled to quit work. By that time the knee was badly swollen, sore and stiff, and plaintiff unable to walk. The evidence shows that from January 3, 1903, to the time of the trial he was wholly disabled and that he is crippled for life.

The defendant insists that the disability not having

Baumister v. Casualty Co.

been immediate after the accident, it is not within the terms of the policy. We do not think that is a reasonable construction of the contract. Omitting parts not important to this controversy, the provision we have quoted reads that the plaintiff is insured for injuries which "necessarily result in his total loss of time at once arising from inability to engage in any business, occupation, or service." The thing insured against is the loss of time, and it must be such a loss of time as immediately arises from an inability to work. An accident and injury do not affect the policy unless there is a loss of time; and it must be a loss of time which is at once followed, or, rather, which is at once caused, by the inability to work. It would be an unreasonable and strained construction to make the policy read that the loss of time from inability to work should immediately follow the injury. Such view should not be taken unless forced by plain words; for many injuries may not affect the injured party, so as to cause an inability to work, for some time afterwards. This case does not present a policy worded like that in Wall v. Casualty Co., 111 Mo. App. 504. There, as shown at page 509 of the report, the policy, in express words, insured against loss of time only when the injury immediately disabled the insured.

It is next claimed that there was no notice given within the time required by the policy. The provision as to notice is as follows: "A written notice of any accident on which a claim may be based, given by the insured, his legal representative or beneficiary, and received by the company in Chicago within fifteen days from the date of the accident, together with such further proofs as may be required by the company, are conditions precedent to a recovery hereunder." What we have written practically determines the sufficiency of the notice. As already stated, the injury to plaintiff, for which defendant was to indemnify him, was loss of time. The loss of time for which he claims did not begin

until more than the number of days after the accident which were limited for notice had expired. Defendant's contention that the notice must be given within fifteen days after the accident practically would nullify the policy in all those cases where loss of time did not begin until after time for notice had expired. The true meaning of the clause as to notice is that it must be given within fifteen days after the loss of time began which was January 5, 1903. In this interpretation the notice was in time.

It is finally insisted that the plaintiff's disability came, at least in part, from his diseased condition. It is enough to say of this that the trial court gave defendant the full benefit of that view in instructions, and the jury on evidence tending to support the verdict, found the facts against it.

The judgment must be affirmed. All concur.